Case 2:17-cv-00253 Document 4 Filed on 07/24/17 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 25, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAFRON HUOT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-253 |
| | § | |
| MONTANA STATE DEPARTMENT OF | § | |
| CHILD AND FAMILY SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

Plaintiff Safron Huot, appearing *pro se*, has filed the instant Complaint (D.E. 1), a Motion to Set Aside Adoption & Reinstate Full Parental Rights (D.E. 2) and a Motion for Appointment of Counsel (D.E. 3). Plaintiff has been granted leave to proceed *in forma pauperis* in this civil action. For the reasons discussed below, Plaintiff's action is dismissed with prejudice, and her motions are denied as moot.

**I    BACKGROUND.**

Plaintiff, a Montana resident, has filed this lawsuit against the following Defendants: (1) Montana State Department of Child and Family Services; (2) Montana Supreme Court; (3) Deer Lodge County District Court of Montana; (4) Judge Ray Dayton; (5) Cal Boyal; (6) Cindy Johnson; (7) Deer Lodge Medical Center; (8) Wayne R. Martin, M.D.; (9) Susanne M. Clague; (10) Ben Krakowka; (11) Susan Day, PH.D; (12) Dave Fenchak; (13) Mary Jo Fortner; and (14) Roger Fortner. (D.E. 1, pp. 1-4). Plaintiff identifies each Defendant as a citizen of Montana. (D.E. 1, pp. 1-4).

Plaintiff lists twelve claims in her Complaint, which all relate to alleged wrongdoing in connection with the judicial termination of her parental rights. (D.E. 1, pp. 5-8). While asserting that her lawsuit involves a "[f]ederal [q]uestion," Plaintiff fails to identify a specific cause of action upon which any or all of her claims are based. (D.E. 1, pp. 4-11). Furthermore, Plaintiff indicates that she has attempted to file a copy of the Complaint and attached motions in fifty other federal district courts throughout the country. (D.E. 1, pp. 14-17). A search on PACER Case Locator for Plaintiff's name reveals that in July, 2017, she filed the identical complaint in thirty-three district courts. *See* https://pcl.uscourts.gov/search (Search under party name "Safron Huot").

## II.     DISCUSSION.

Dismissal of Plaintiff's civil action is warranted for several reasons. First, the Court lacks subject matter jurisdiction over Plaintiff's lawsuit. "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). *See also In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings."). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case,

Plaintiff has failed to identify any specific cause of action that would allow the Court to exercise federal question jurisdiction over her lawsuit.

A federal court also has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Because Plaintiff identifies herself and each defendant as citizens of Montana, diversity jurisdiction is lacking.

Even if the Court retained subject matter jurisdiction over Plaintiff's lawsuit, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2). This section requires the Court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The duplicative or repetitive litigation of virtually identical causes of action is subject to dismissal under § 1915(e)(2) as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Furthermore, a complaint fails to state a claim for relief when it fails to plead "enough facts to state to claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's filing of identical lawsuits in multiple district courts is abusive as causing an impermissible waste of judicial resources, thereby warranting dismissal of this lawsuit as malicious. *See Bailey*, 846 F.2d at 1021; *Rivadeneira v. Department of*

*Homeland Sec.*, No. 3:15-CV-2025, 2015 WL 5503588, at *3 (N.D. Tex. Aug. 19, 2015); *Gray v. City of Bryan*, No. H-14-1563, 2014 WL 2611815, at *3 (S.D. Tex. Jun. 11, 2014). In addition, each of Plaintiff's twelve claims is nonsensical and wholly fails to state a plausible claim upon which relief can be granted. Plaintiff's lawsuit, therefore, is subject to dismissal under § 1915(e)(2).

Lastly, venue is improper in this Court. Pursuant to the general venue statute, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, none of the Defendants reside in this judicial district, and the events giving rise to the claims did not occur in this judicial district. Furthermore, there is no indication that any one of the Defendants is subject to personal jurisdiction in this district.

When venue is improper, the Court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds transfer to be unnecessary as Plaintiff already has filed the identical complaint in the Montana district court, and other district courts have transferred Plaintiff's complaint to the Montana district court. *See Huot v. Montana State Dep't of Child and Family Services, et al.*, Case No. 2:17-cv-00045 (D. Mont. Jul. 12,

2017); *Huot v. Montana State Dep't of Child and Family Services, et al.*, Case No. 1:17-CV-3608 (S.D. W. Va. Jul. 11, 2017) (transferring case to the District of Montana); *Huot v. Montana State Dep't of Child and Family Services, et al.*, Case No. 4:17-CV-1960 (E.D. Mo. Jul. 11, 2017) (transferring case to the District of Montana); *Huot v. Montana State Dep't of Child and Family Services, et al.*, Case No. 4:17-CV-0154 (N.D. Ga. Jul. 11, 2017) (transferring case to the District of Montana). Moreover, given the deficiencies identified above, it would not be "in the interest of justice" to transfer this meritless case to the Montana district court. Accordingly, dismissal is appropriate.

## III. SANCTIONS WARNING

Federal courts have inherent authority "to protect the efficient and orderly administration of justice . . . and to command respect for [its] orders, judgment, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in its power is the authority to impose sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous lawsuits. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

"Appropriate sanctions for abusive litigation practices may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions." *United States v. Garza*, No. 2:16-CV-10, 2016 WL 16408, at *2 (S.D. Tex. Jan. 14, 2016) (citing *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. 2011) (per curiam) (designated unpublished)). As set forth below, Plaintiff will face appropriate sanctions if she continues to file meritless and/or duplicative lawsuits in the federal courts.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that this civil action is hereby **DISMISSED with prejudice** and that Plaintiff's Motion to Set Aside Adoption & Reinstate Full Parental Rights (D.E. 2) and a Motion for Appointment of Counsel (D.E. 3) are **DENIED as moot.**

**Plaintiff is hereby warned that she will face sanctions, including monetary penalties and restrictions on filing future lawsuits, if she continues to file meritless and/or duplicative lawsuits in the federal courts.**

ORDERED this 24 day of July, 2017.

HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE